IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEGGY GRAVES and BENJAMIN GRAVES, wife and husband, | : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil No. 2:20-cv-00786-JMG |
| USAA GENERAL INDEMNITY COMPANY, | : : : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**I.     Introduction**

This action arises from a motor vehicle accident involving Peggy Graves, insured by Defendant USAA. On February 10, 2020, Plaintiffs Peggy Graves and her husband filed their Complaint against USAA, alleging breach of contract, loss of consortium, and bad faith "with respect to its adjustment" of an under-insured motorist ("UIM") claim. See Compl., Doc. 1. On March 16, 2020, USAA filed its Motion to Dismiss Count II of the Complaint, Plaintiffs' bad faith claim. See Def.'s Br., Doc. 7. On March 24, 2020, Plaintiffs responded to Defendant's motion; and on April 6, 2020, Defendant replied to Plaintiff's response. See Pls.' Br., Doc. 8; Def.'s R. Br., Doc. 9. The Court finds Plaintiffs did not state a claim for bad faith upon which relief can be granted and grants Defendant's motion.

**II.    Factual Background[1]**

On December 5, 2018, Plaintiff Peggy Graves was in a motor vehicle accident with a third party. Compl. ¶ 8. Due to the accident, Plaintiff suffered injuries including fractures in her knee and foot, subcutaneous hematoma, mental anxiety and anguish, and a shock to her central nervous

---

[1] At this step of litigation, the Court operates "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

system. Compl. ¶ 11. Plaintiff alleges her injuries may result in permanent scarring and loss of bodily functions. Compl. ¶ 16. As a result of these injuries, Plaintiff pleads she must undergo indefinite medical treatment and may suffer a severe loss of earnings. Compl. ¶¶ 12-15.

The third-party driver's insurer tendered $15,000, the full amount of its client's policy limit. Compl. ¶ 17, Exh. C. On October 14, 2019, Defendant approved settlement of Plaintiffs' claim with the third-party driver's insurance provider. Compl. ¶ 17, Exh. B.

On November 22, 2019, Plaintiffs noticed Defendant of their demand for UIM benefits. Compl. ¶¶ 18, 20, Exh. C. Plaintiffs aver they submitted the requisite medical documentation to USAA along with their demand, and Defendant has still not paid the requested benefits. Compl. ¶ 20.

Plaintiffs bring this action by filing a complaint against USAA alleging claims of breach of contract, bad faith pursuant to 42 Pa. C.S. § 8371, and loss of consortium.

### III. Discussion

USAA argues Plaintiffs failed to state a bad faith claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The Court finds Plaintiffs failed to state a plausible bad faith claim and grants Defendant's motion.

In a motion to dismiss, a defendant must prove the plaintiff failed to state a claim. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To plead a claim for relief, a complaint must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). At this stage of litigation, the courts accept all factual allegations in the complaint as true and in a light most favorable to the plaintiff. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002). In determining a motion to dismiss, courts do not accept legal conclusions in the complaint as true, nor do they consider "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A federal court with diversity jurisdiction applies the forum state's substantive law. Robertson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir. 1990). In this case, Pennsylvania law will govern the outcome of the bad faith claim.

Under Pennsylvania law, a plaintiff of a § 8371 bad faith claim must prove: 1) the insurer lacked a reasonable basis for denying benefits; and 2) the insurer knew or recklessly disregarded its lack of a reasonable basis. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). An insurer's "mere negligence or bad judgment is not bad faith." Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005). To survive a motion to dismiss a bad faith claim, a complaint must provide sufficient facts to support allegations of bad faith. Atiyeh v. National Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 599-600 (E.D. Pa. 2010).

In this case, Plaintiffs merely present conclusory allegations, failing to state a plausible bad faith claim. The Court does not find any factual support in the Complaint to conclude USAA acted unreasonably in adjusting the UIM claim.

Plaintiffs argue the Complaint sets forth sufficient facts by alleging Defendant unreasonably withheld benefits and unfairly evaluated Plaintiffs' claim. Pls.' Br. at 6-7. Plaintiffs list fourteen "specific facts pertaining to her bad faith claim." Id. However, most of the alleged facts are legal conclusions, and without offering any support to those conclusions, the Court must dismiss the bad faith claim.[2]

---

[2] The Plaintiffs proffered the following facts that are not legal conclusions: 1) Plaintiff was operating a motor vehicle which was insured under a USAA insurance contract and which provided for UIM benefits; 2) the accident was caused by the third party; 3) Plaintiff suffered severe injuries as a result of the accident; 4) Plaintiff submitted a claim for UIM benefits; 5) Plaintiff complied with the policy's requirement to obtain Defendant's consent to settle her claim against the third party; 6) Plaintiff forwarded her medical documentation to Defendant; and 7) Defendant has not paid the UIM claim. Pls.' Br. at 6. Assuming these facts are true, as required at this juncture, they fail to support a claim that Defendant adjusted the UIM claim in bad faith.

**IV.     Conclusion**

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's bad faith claim without prejudice.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge